### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 06-cv-01075-REB-MJW

LEZLI MORELAND,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

### MINUTE ORDER[1]

---

    The matter before the court is **Motion for Reconsideration of This Court's Denial of Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendant's Motion for Partial Summary Judgment** [#59], filed January 5, 2007. In the interests of justice, the motion is **GRANTED**. Plaintiff may file her response to defendant's motion for partial summary judgment by no later than **January 11, 2007**.

    However, contrary to plaintiff's assertions, her original motion for extension of time [#55] was not in compliance with either REB Civ. Practice Standard II.G.1 or II.G.2. Pursuant to REB Civ. Practice Standard 11.G.1 (revised January 1, 2007, and applicable to all motions filed on or after January 2, 2007, *see* REB Civ. Practice Standard 1.A.1) "[m]otions for extension of time require a showing of good cause, *which must be established with particularity*." Plaintiff's original motion, which made cursory reference to the recent holidays (which were not unanticipated, *see* REB Civ. Practice Standard II.G.1) and the inclement weather during the same time period (which was unanticipated, but the relevance was not explained) did not satisfy this standard.

    Moreover, contrary to plaintiff's argument, her response to the motion was in fact due on January 4, 2007, 20 days after the filing of the defendant's motion. Plaintiff filed her motion for extension of time that same day, thus violating REB Civ. Practice Standard II.G.2. The local rules of this district provide that "[t]he responding party shall have 20 days *after the filing date* of the motion . . . in which to file a response." **D.C.COLO.LCivR.** 7.1C (emphasis added). Plaintiff thus improperly invokes the "mailbox rule" to extend this deadline an additional three days. The Federal Rules of

---

[1]This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

Civil Procedure provide, in relevant part, that "[w]henever a party must or may act within a prescribed period *after* service . . . 3 days are added after the prescribed period would otherwise expire[.]" **Fed.R.Civ.P.** 6(e) (emphasis added).  Because the local rule is keyed to the date of the *filing* of the motion, rather than service, Rule 6(e) is inapplicable.  **See In re Armstrong**, 99 Fed. Appx. 866, 868-69 (10th Cir. 2004) (citing **Matter of Arbuckle**, 988 F.2d 29, 31-32 (5th Cir. 1993)).

Yet even if Fed.R.Civ.P. 6 (e) were applicable, REB Civ. Practice Standard II.G.2 requires that "[a]ny motion for extension of time shall be filed no later than **three (3)** business days *prior to the date the motion, response, reply, or other paper to which the extension applies is due*. " If plaintiff's motion had been due January 8, 2007, any motion for extension of time would have had to be filed no later than January 3, three full business days *before* the due date.

The court expects and requires that both parties will thoroughly familiarize themselves with this court's revised 2007 Practice Standards and follow those directives in the future.

Dated:  January 8, 2007
-------------------------------------------------------------------------------------------------------------------