IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01075-REB-MJW

LEZLI MORELAND,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**RECOMMENDATION REGARDING :
(1) PLAINTIFF'S COMBINED MOTION FOR PROTECTIVE ORDER WITH REGARD TO THE DEPOSITIONS OF LEZLI MORELAND AND EVERETT MORELAND, MOTION FOR APPOINTMENT OF SPECIAL DISCOVERY MAGISTRATE AND MOTION FOR SANCTIONS (DOCKET NO. 44)
AND
(2) DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND APPOINTMENT OF A SPECIAL MASTER (DOCKET NO. 39);
AND
ORDER REGARDING
PLAINTIFF'S MOTION FOR STATUS CONFERENCE
(DOCKET NO. 90)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Combined Motion for Protective Order with Regard to the Depositions of Lezli Moreland and Everett Moreland, Motion for Appointment of Special Discovery Magistrate and Motion for Sanctions (docket no. 44), Defendant's Motion for Protective Order and Appointment of a Special Master (docket no. 39); and Plaintiff's Motion for Status Conference (docket no. 90). The court has reviewed the motions, responses (docket nos. 50 and 51 ), and replies (docket nos. 58 and 60). In addition, the court has considered, *in camera*, the videotapes of the

2

depositions of Brian Welch and Richard Weitzel and the audiotape of the deposition of Plaintiff Lezli Moreland which were filed under seal by Defendant State Farm Mutual Automobile Insurance Company (docket no. 86).  The court has also taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Initially, this court finds that the two main issues in this case are: (1) whether Defendant State Farm Mutual Automobile Insurance Company made available enhanced personal injury protection (PIP) coverage to Plaintiff, Lezli Moreland, and (2) whether Defendant State Farm Mutual Automobile Insurance Company properly paid one hospital bill with Plaintiff Lezli Moreland's rehabilitation PIP coverage.

Plaintiff Lezli Moreland requests that this court appoint a special master pursuant to Fed. R. Civ. P. 53(a)(1)(C) and further requests that this court enter a protective order prohibiting the taking of any depositions in this case outside the presence of the appointed special master.  Plaintiff argues that a special master is needed due to Defendant counsel's obstructionist behavior and tactics during depositions.  Lastly, Plaintiff requests that this court order sanctions, in the form of attorney fees and costs, against Defendant and Defendant counsel.

Defendant State Farm Mutual Automobile Insurance Company agrees that the appointment of a special master to oversee all remaining depositions in this case is necessary.  In addition, Defendant argues that it should be allowed to complete the

3

depositions of Plaintiff and Plaintiff's husband, Everett Moreland. Defendant further argues that it is Plaintiff's counsel who has demonstrated obstructionist behavior and tactics during depositions and that Plaintiff and Plaintiff's counsel should be sanctioned for "abusive deposition conduct" pursuant to D.C.COLO.LCivR 30.3.

After careful consideration, the court finds:

1. That counsel for both parties have created an environment during depositions which has made it difficult to complete depositions in an orderly and timely fashion;

2. That when this court is confronted with allegations of continuing discourtesy and the inability of the parties to proceed in an orderly fashion in conducting discovery, this court must take action to assure that this case is litigated in a speedy, efficient, and economic fashion. Fed. R. Civ. P. 1. The circumstances herein are compelling. Moreover, in order to assure that this case will be ready for trial on the merits within a reasonable time, this court must enter an extraordinary order appointing a special discovery master to oversee and rule on objections during all future depositions in this case and to rule on other discovery and pretrial disputes;

3. That the Honorable James Miller is not disqualified to serve as a special master pursuant to 28 U.S.C. § 455, and Judge Miller has agreed to accept appointment by this court as a special master;

4. That Defendant should be entitled to compete the deposition of Plaintiff for an additional five (5) hours and to also take Plaintiff's husband's deposition; and,

5. That Defendant should be permitted to ask questions about the State Farm Automobile insurance policies under which Plaintiff was an insured prior to her accident since such information is relevant to both of Plaintiff's claims and Defendant's defenses in this case.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff's Combined Motion for Protective Order with Regard to the Depositions of Lezli Moreland and Everett Moreland, Motion for Appointment of Special Discovery Magistrate and Motion for Sanctions (docket no. 44) be **GRANTED IN PART AND DENIED IN PART**;

2. That the portion of this combined motion requesting an appointment of a special master be **GRANTED**;

3. That the remainder of this combined motion be **DENIED**;

4. That Defendant's Motion for Protective Order and Appointment of a Special Master be **GRANTED IN PART AND DENIED IN PART**;

5. That the portion of this motion requesting an appointment of a

5

   special master be **GRANTED**;

6. That the remainder of the motion be **DENIED**.

7. That former State of Colorado County Court Judge, the Honorable James Miller, be appointed as a special master pursuant to Fed. R. Civ. P. 53(c);

8. That the special master shall consider all future discovery motions, motions for sanctions, and any other motion related to pretrial discovery upon referral by District Judge Robert E. Blackburn and file periodic written reports recommending rulings thereon with the court and serve a copy of the same upon the parties;

9. That the special master shall review all future allegations concerning unprofessional conduct by counsel of record and shall file and make written recommendations to District Judge Robert E. Blackburn on appropriate sanctions and serve a copy of the same upon all parties;

10. That the special master may impose on any party any noncontempt sanction provided under Fed. R. Civ. P. 37 and 45, and may recommend a contempt sanction against a party and sanctions against a nonparty and file such recommendation with the court and serve a copy of the same upon all parties;

11. That in the special master's sole discretion, he may attend and supervise any remaining deposition in person. He may be

6

available to the parties by telephone for contemporaneous rulings as to objections interposed at any deposition. If the special master rules on any objections during a deposition, such rulings shall be final, subject to review by District Judge Robert E. Blackburn, pursuant to Fed. R. Civ. P. 72(a);

12. That the special master shall review all disputed documents, upon referral by District Judge Robert E. Blackburn, including documents for which any party seeks an *in camera* review and file written reports with the court containing his recommendations and serve a copy of such recommendations upon the parties;

13. That the parties and counsel shall accord Judge Miller all courtesies and respect due any active judicial officer;

14. That Judge Miller shall be compensated at the rate of $275.00 per hour pursuant to Fed. R. Civ. P. 53(h)(1). Plaintiff and Defendant shall each pay one-half of Judge Miller's special master fees pursuant to Fed. R. Civ. P. 53(h)(3) and each party's counsel is ultimately responsible to pay such special master fees. Judge Miller shall file monthly statements of services and charges with the court and shall mail a copy to each party. Such statements of services shall be filed with the court by the 15th day of each month beginning in March 2007, and until this case is terminated. Judge Miller is authorized to negotiate payment arrangements with any

7

party as he deems appropriate;

15. That for any scheduled discovery events, such as depositions, the parties shall make advance payment of fees, to include costs of travel to and from the event at the rate stated in this order, or such lesser fee for travel as Judge Miller may establish. The advance amount shall be determined based upon the parties' good faith estimate of time necessary to complete the scheduled discovery event. Any dispute about estimates of time shall be resolved by the special master and the advance fee paid based upon that determination. Payment in full shall be made directly to Judge Miller no later than five (5) days in advance of the scheduled event. Judge Miller's monthly statements shall reflect the actual time expended for the discovery event.

16. That counsel shall comport himself/herself in accordance with the highest standards of professional conduct consistent with D.C.COLO.LCivR 83.4; and,

17. That each party shall pay their own attorney fees and costs for these motions.

**NOTICE: The parties have ten (10) days to file any and all objections to this recommendation.**

## ORDER

It is **ORDERED** that the Plaintiff's Motion for Status Conference (docket no. 90)

is **DENIED**.

Done this 15th day of February 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge