**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-01075-REB-MJW

LEZLI MORELAND,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND
APPOINTING THE HONORABLE JAMES MILLER
SPECIAL DISCOVERY MASTER PURSUANT TO
FED.R.CIV.P. 53(a)(1)(C) and (b)**

---

**Blackburn, J.**

The matter before me is the magistrate judge's **Recommendation Regarding:**

**(1) Plaintiff's Combined Motion For Protective Order With Regard to the**

**Depositions of Lezli Moreland and Everett Moreland, Motion For Appointment of**

**Special Discovery Magistrate and Motion For Sanctions (Docket No. 44) and (2)**

**Defendant's Motion For Protective Order and Appointment of a Special Master**

**(Docket No. 39); and Order Regarding Plaintiff's Motion For Status Conference**

**(Docket No. 90)** [#96], filed February 15, 2007.  No objections having been filed to the

magistrate judge's recommendation, I review it only for plain error.  ***See Morales-***

***Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir.

2005).  Finding no such error in the magistrate judge's recommended disposition, I find

and conclude that the recommendation should be approved and adopted as an order of

this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation Regarding:  (1) Plaintiff's Combined Motion For Protective Order With Regard to the Depositions of Lezli Moreland and Everett Moreland, Motion For Appointment of Special Discovery Magistrate and Motion For Sanctions (Docket No. 44) and (2) Defendant's Motion For Protective Order and Appointment of a Special Master (Docket No. 39); and Order Regarding Plaintiff's Motion For Status Conference (Docket No. 90)** [#96], filed February 15, 2007, is **APPROVED AND ADOPTED** as an order of this court;

2. That plaintiff's **Combined Motion for Protective Order with Regard to the Depositions of Lezli Moreland and Everett Moreland, Motion for Appointment of Special Discovery Magistrate and Motion for Sanctions** [#44], filed December 4, 2006, is **GRANTED IN PART** and **DENIED IN PART**

    a.  That the motion is **GRANTED** insofar as it seeks the appointment of a special master; and

    b.  That the motion is **DENIED** otherwise;

3. That defendant's **Motion for Protective Order and Appointment of a Special Master** [#39], filed November 28, 2006, is **GRANTED IN PART** and **DENIED IN PART**:

    a.  That the motion is **GRANTED** insofar as it seeks the appointment of a special master; and

    b.  That the motion is **DENIED** otherwise;

4.  That the Honorable James Miller, who is a former county court judge, is **APPOINTED** as a special master to serve in this matter pursuant to Fed.R.Civ.P. 53(a)(1)(C) and (b);

5.  That pursuant to Fed.R.Civ.P. 53(b)(2), the special master shall proceed with all reasonable diligence, and his duties shall include matters referred to him by the court as follows:

 a.  Consideration and determination of pretrial discovery matters, including, but not limited to, all future discovery motions and motions for sanctions, as well as all future allegations concerning unprofessional conduct by counsel of record;

 b.  Review of all disputed documents, including documents for which any party seeks an *in camera* review, and determination of all issues related to such documents;

 c.  Consideration and determination of any other motion or matter not specifically referenced herein as this court in its discretion may determine is appropriately referred to the special master;

 d.  Preparation of written recommendations regarding all matters referred to him pursuant to ¶¶ 5(a)-(c), *supra*.  The special master shall file his recommendations with the court and shall serve copies on the parties electronically as provided by the most current version of the "Electronic Case Filing Procedures for the District of Colorado (Civil Cases)" pursuant to Fed.R.Civ.P. 5(e) and D.C.Colo.LCivR 5.6;

e.  Attendance at and supervision of any remaining deposition in

person.  The special master shall have sole discretion to determine

whether his personal attendance at any deposition is warranted.

Alternatively, he may make himself available to the parties by

telephone for contemporaneous rulings on objections interposed at

any deposition.  The special master's rulings as to such objections

shall be final, subject to review pursuant to Fed.R.Civ.P. 72(a) only;

6.  That pursuant to Fed.R.Civ.P. 53(c), the special master may impose on any

party any noncontempt sanction provided under Fed.R.Civ.P. 37 or 45, and further may

recommend a contempt sanction against a party and sanctions against a nonparty by

way of a written recommendation filed and served in the manner set forth in paragraph

(5)(d), *supra*;

7.  That the deadlines for filing objections to the special master's recommended

dispositions of the matters referred to him shall be governed by Fed.R.Civ.P. 53(g)(2),

and such recommendations will be reviewed under the standards set forth in

Fed.R.Civ.P. 53(g)(3), (4), and (5);

8.  That no circumstances being shown to justify *ex parte* communications

between the court and the special master, no such communications are authorized by

this order;

9.  That pursuant to Fed.R.Civ.P. 53(h)(1), the special master shall be

compensated at the rate of $275.00 per hour.  Plaintiff and defendant shall each pay

one-half of the special master's compensation, and each party's counsel is ultimately

responsible to pay such special master's fees.  The special master shall file monthly

4

statements of services and charges with the court and serve copies on the parties by the 15th day of each month beginning in April, 2007, and continuing until this case is terminated in this court.  Payment for the services of the special master shall be made timely.  The special master is authorized to negotiate payment arrangements with the parties as he deems appropriate;

10.  That with respect to any scheduled discovery events, such as depositions, that the special master may attend in person, the parties shall pay the special master's fees in advance, including his costs of travel to and from the event at the rate stated in this order, unless the special master establishes a lesser rate for his travel time.  The amount of any such advance payment shall be determined based on the parties' good faith estimate of the time necessary to complete the scheduled discovery event.  Any dispute regarding estimates of time shall be resolved by the special master, and the advance fee due shall be based on his determination.  Payment in full shall be made directly to the special master no later than five (5) days in advance of the scheduled event.  The special master's monthly statements shall reflect the actual time expended for the discovery event;

11.  That all counsel shall comport themselves in accordance with the highest standards of professional conduct as required by D.C.COLO.LCivR 83.4, and the parties and counsel shall afford the special master the same level of courtesy and respect, and conduct themselves with the same degree of solemnity and decorum, as if they were appearing before this court; and,

12.  That each party shall pay their own attorney fees and costs related to these motions.

Dated April 3, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge